## CUNDIFF v. ROESS
### Case No. 83-13329-11
Sixth Judicial Circuit, Pinellas County
May 4, 1983

Patricia Fields Anderson, Rahdert, Anderson and Richardson, for reporter.

E. D. Rood, for defendant.

Julian Piper, for plaintiff.

ROBERT R. MICHAEL, Circuit Judge.

THIS CAUSE came on for hearing upon the Motion to Quash filed on behalf of the non-party witness Steven Marquez.

Steven Marquez is employed as a reporter by the *St. Petersburg Times*. His knowledge from this case derives exclusively from information contained in the public records regarding the underlying incident and contained in the interviews with the parties and witnesses to the incident. He has no independent personal knowledge concerning the facts of this case; rather, his knowledge was derived solely from his activities as a newspaper reporter.

On or about April 27, 1983, Marquez was served by the Defendant with a Trial Subpoena that required his appearance and testimony the following day, April 28, 1983. The Subpoena was prompted by the fact that Marquez had written several stories concerning the underlying incident that were published in the *St. Petersburg Times* during 1981.

At the hearing on Marquez' Motion to Quash, counsel for the Defendant indicated that he wished either to call Marquez as an impeachment witness regarding statements made to Marquez by the son of the Plaintiff and subsequently reported or, if the Court would not allow Defendant to call Marquez as a witness, to place one sentence from one of the news articles into evidence. The parties agreed that the son of the Plaintiff did not deny making his statement during his testimony, merely that he could not remember.

Counsel for Plaintiff indicated that he would object to the entry into evidence of anything less than the entire news article.

The Court, having considered Marquez' Memorandum of Law and argument of counsel, finds that important First Amendment questions are raised by efforts to compel the testimony of non-party journalist whose knowledge of the case derives solely from newsgathering activities. Litigants should be sensitive to these concerns and caution must be exercised in evaluating such subpoenas. At the very least, litigants should determine whether a journalist's testimony is relevant and material, that all alternatives sources for the underlying information have been exhausted, that there is a compelling necessity for the journalist's testimony, and that the proponent's constitutional rights will be endangered if the journalist does not testify.

Defendant having failed to make such a showing, Marquez' Motion to Quash is GRANTED.